IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARRY SOLDRIDGE, JR.,** | : | |
|     **Plaintiff** | : | |
| | : | No. 1:21-cv-01594 |
|     v. | : | |
| | : | (Judge Kane) |
| **KEVIN RANSOM, et al.,** | : | |
|     **Defendants** | : | |

**MEMORANDUM**

On September 15, 2021, pro se Plaintiff Barry Soldridge, Jr., who is presently incarcerated at the State Correctional Institution in Dallas, Pennsylvania ("SCI Dallas"), initiated the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants Superintendent Kevin Ransom ("Ransom") and Supervisor Carl Kuren ("Kuren"). (Doc. No. 1.) Plaintiff paid the full filing fee on September 29, 2021. (Doc. No. 5.) Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of Plaintiff's complaint. For the reasons set forth below, the Court will dismiss Plaintiff's complaint with leave to amend.

**I.     BACKGROUND**

In his complaint, Plaintiff alleges that on September 21, 2020, he was working in the mattress shop at SCI Dallas when he was assaulted with a pair of shop scissors by inmate Steve Heard. (Doc. No. 1 at 1.) Plaintiff avers that he suffered "nineteen (19) stab wounds to [his] back." (Id.) According to Plaintiff, Defendant Kuren issued him a misconduct for "fighting with closed fists." (Id.) Plaintiff avers that he never struck the other inmate and that it would have

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

been impossible for him to do so if the other inmate was "stabbing [him], quite literally, in the back." (Id.) Plaintiff alleges that the hearing examiner "reviewed the video footage of the incident and admit[ted] in his report that the video clearly proves that [Plaintiff] did NOT throw a punch." (Id.) As relief, Plaintiff requests that the Court quash the misconduct and "grant him his same job back or equal employment." (Id.) Plaintiff also seeks "compensation, at base pay, for the time lost in employment, as a result of the false allegations by [Defendant] Kuren in his misconduct report." (Id.)

## II.   LEGAL STANDARDS

### A.   Screening and Dismissal of Prisoner Complaints

Although Plaintiff paid the filing fee in full, the Court has the authority to screen his complaint pursuant to 28 U.S.C. § 1915A. See Shane v. Fauver, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding in forma pauperis). Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See 28 U.S.C. § 1915A(a). If a complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss the complaint. See 28 U.S.C. § 1915A(b)(1). A complaint is frivolous if it lacks an arguable basis either in law or fact. See Mitchell v. Horn, 381 F.3d 523, 530 (3d Cir. 2003) (citing Neitzke v. Williams, 490 U.S. 319, 327-28 (1989)). When deciding whether a complaint fails to state a claim on which relief may be granted, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a

complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)").

To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See id. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the

3

complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

**B.    Section 1983 Standard**

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. See 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id. "Section 1983 is not a source of substantive rights, but merely a method to vindicate violations of federal law committed by state actors." See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United

States.  See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

### III. DISCUSSION

#### A. Plaintiff's Complaint

##### 1. Claims Against Defendant Ransom

As an initial matter, Plaintiff has failed to state a claim for relief against Defendant Ransom.  He names Defendant Ransom in the caption of his complaint, but the complaint is devoid of any allegations related to Defendant Ransom.  Thus, Plaintiff's complaint is subject to dismissal against Defendant Ransom for that reason alone.  See Hudson v. City of McKeesport, 244 F. App'x 519, 522 (3d Cir. 2007) (affirming the dismissal of one defendant because the complaint did not provide any basis for a claim against him); Robinson v. Wheary, No. 1:16-cv-2222, 2017 WL 2152365, at *1-2 (M.D. Pa. May 17, 2017) (dismissing the inmate-plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2) where "the caption of the complaint names numerous individual defendants, [but] contains no well-pleaded factual averments relating to these specific defendants in the body of the complaint").

##### 2. Claims Against Defendant Kuren

As noted supra, Plaintiff alleges that Defendant Kuren issued a false misconduct report, charging him with fighting.  (Doc. No. 1 at 2.)  The Court construes Plaintiff's complaint as asserting a Fourteenth Amendment due process claim against Defendant Kuren.

The Fourteenth Amendment's Due Process Clause prohibits states from denying individuals "life, liberty[,] or property" without due process of law."  See U.S. Const. amend. IXV.  As an initial matter, "the filing of a fraudulent misconduct report and related disciplinary sanctions do not without more violate due process."  See Seville v. Martinez, 130 F. App'x 549,

551 (3d Cir. 2005). Accordingly, "so long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim." See Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002). Procedural due process protection, however, "for a state created liberty interest . . . is limited to those situations where deprivation of that interest 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" See Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)).

In the instant case, Plaintiff's complaint clearly states that he was given a disciplinary hearing to contest the allegedly false charge. See Hart v. City of Philadelphia, 779 F. App'x 121, 126 (3d Cir. 2019) (concluding that the district court correctly dismissed the inmate-plaintiff's due process claim regarding allegedly false misconduct charges because he had been given disciplinary hearings). Moreover, nothing in the complaint suggests that Plaintiff was deprived of a protected liberty interest. By seeking to be reinstated to his prison job, Plaintiff appears to suggest that he lost his employment as a result of the allegedly false misconduct. However, inmates have no liberty interests in their prison jobs. See Burns v. Pa. Dep't of Corr., 642 F.3d 163, 171 (3d Cir. 2011). Plaintiff, therefore, has failed to set forth a plausible Fourteenth Amendment due process claim against Defendant Kuren.[2]

**B.    Leave to Amend**

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. See Grayson v.

---

[2] Moreover, Plaintiff's complaint, as pled, cannot be construed as raising an Eighth Amendment failure to protect claim against Defendant Kuren, as he has not set forth facts suggesting that Defendant Kuren subjectively knew of and chose to disregard a substantial risk of harm to Plaintiff's safety. See Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962).  The Court may deny a motion to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment."  See id.  The Court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief may be granted.  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Based on the foregoing, the Court cannot conclude that it would be futile or prejudicial to permit Plaintiff to file an amended complaint against Defendants that corrects the deficiencies identified herein.  Plaintiff is advised that the amended complaint must be complete in all respects.  It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed.  The amended complaint should set forth Plaintiff's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure.  Each paragraph should be numbered.  It should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts that he claims violated his rights.  Mere conclusory allegations will not set forth a cognizable claim.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss Plaintiff's complaint (Doc. No. 1) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

The Court will afford Plaintiff thirty (30) days from the date of the Order accompanying this Memorandum in which to file an amended complaint, consistent with the Court's discussion herein.  An appropriate Order follows.