**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BARRY SOLDRIDGE, JR.,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:21-cv-01594** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **KEVIN RANSOM, et al.,** | : | |
| **Defendants** | : | |

**<u>MEMORANDUM</u>**

<u>Pro se</u> Plaintiff Barry Soldridge, Jr. ("Plaintiff"), who is currently incarcerated at the

State Correctional Institution in Dallas, Pennsylvania ("SCI Dallas"), has brought this civil rights

action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while

incarcerated there.  Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court

previously screened and dismissed Plaintiff's original complaint and amended complaint for

failure to state a claim upon which relief may be granted.  (Doc. Nos. 7, 8, 10, 11.)  The Court

afforded Plaintiff leave, however, to file a second amended complaint so that he could attempt to

cure the deficiencies of his Eighth Amendment claims against Defendant Supervisor Carl Kuren

("Kuren"), the only remaining defendant in this case.  (Doc. Nos. 10, 11.)

On March 3, 2022, Plaintiff filed his second amended complaint.  (Doc. No. 12.)  He

reasserts only one of his Eighth Amendment claims—specifically, his failure to protect claim,

and he also asserts for the first time what the Court construes to be a state-law claim for

---

[1] <u>See</u> The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26,
1996).  As provided for in 28 U.S.C. § 1915A, federal district courts must "review . . . a
complaint in a civil action in which a prisoner seeks redress from a governmental entity or
officer or employee of a governmental entity."  <u>See</u> 28 U.S.C. § 1915A(a).  If the complaint "is
frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must
dismiss the complaint.  <u>See</u> 28 U.S.C. § 1915A(b)(1).

negligence.  (Doc. No. 12.)   Pursuant to the PLRA, the Court has screened Plaintiff's second amended complaint.  For the reasons that are set forth below, the Court will: dismiss Plaintiff's Eighth Amendment claim for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1); deny Plaintiff any further leave to amend his Eighth Amendment claim, as doing so would be futile; and decline to exercise its supplemental jurisdiction over Plaintiff's only remaining state-law claim for negligence.  As a result, the Court will dismiss Plaintiff's second amended complaint and direct the Clerk of Court to close the above-captioned action.

## I.    BACKGROUND

On September 15, 2021, Plaintiff, who is presently incarcerated at SCI Dallas, commenced this civil rights action by filing an original complaint pursuant to 42 U.S.C. § 1983 against Defendant Kuren and Defendant Superintendent Kevin Ransom ("Ransom").  (Doc. No. 1.)  In his original complaint, Plaintiff alleged that, on September 21, 2020, while he was working in the mattress shop at SCI Dallas, he was assaulted with a pair of shop scissors by fellow inmate, Steve Heard ("Inmate Heard"), suffering "nineteen (19) stab wounds to [his] back."  (Id. at 2.)   Plaintiff further alleged that, although Defendant Kuren had issued him a misconduct for fighting, he never struck Inmate Heard, and it would have been impossible for him to do so, as Inmate Heard was stabbing him in the back.  (Id.)  Plaintiff also alleged that the hearing examiner had "reviewed the video footage of the incident and admit[ted] in his report that the video clearly proves that [Plaintiff] did NOT throw a punch."  (Id.)  As for relief, Plaintiff requested the Court to quash the misconduct and to "grant him his same job back or equal employment[.]"  (Id.)  Plaintiff also requested "compensation, at base pay, for the time lost

in employment, as a result of the false allegations by [Defendant] Kuren in his misconduct report."  (<u>Id.</u>)

In a Memorandum and Order, entered on November 9, 2021, the Court dismissed Plaintiff's original complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).  (Doc. Nos. 7, 8.)  The Court concluded that: (1) Plaintiff had failed to state a claim upon which relief could be granted against Defendant Ransom because the original complaint was devoid of any allegations related to him; (2) Plaintiff had failed to set forth a plausible Fourteenth Amendment due process claim against Defendant Kuren; and (3) Plaintiff's allegations could not be construed as raising an Eighth Amendment failure to protect claim against Defendant Kuren.  (Doc. No 7 at 6 n.2.)  The Court granted Plaintiff leave to file an amended complaint within thirty (30) days.  (Doc. No. 8.)

On December 6, 2021, Plaintiff filed his amended complaint.  (Doc. No. 9.)  He again alleged that, on September 21, 2020, while he was working in the mattress shop at SCI Dallas, he was assaulted with a pair of shop scissors by Inmate Heard, suffering nineteen (19) stab wounds to his back.  (<u>Id.</u> at 4-5, 8.)  Plaintiff alleged that the shop supervisors neither "call[ed] it in on the radio" nor "intervene[d]."  (<u>Id.</u> at 4.)  Plaintiff also alleged that Defendant Kuren issued him a misconduct, which proved that Defendant Kuren was not paying attention, putting Plaintiff's safety at risk.  (<u>Id</u> at 6.)   In addition, Plaintiff claimed that Defendant Ransom, as the Superintendent, had "a duty to make sure his staff [were] properly trained plus educated to follow protocall [sic] during thease [sic] types of situations."  (<u>Id.</u>)  Plaintiff further claimed that Defendant Ransom denied his appeal even though Plaintiff had "clearly pointed out the staffs [sic] misconduct[.]"  (<u>Id.</u>)   Based upon these allegations, Plaintiff asserted violations of his Eighth Amendment rights (<u>id.</u> at 7), and he requested that the Court quash the misconduct, grant

him monetary compensation "for the loss at base pay[,]" and direct the Department of Corrections to give him "his same job back or equal employment" (id. at 8).

In a Memorandum and Order, entered on February 3, 2022, the Court dismissed Plaintiff's amended complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). (Doc. Nos. 10, 11.) The Court concluded that: (1) Plaintiff had failed to state a claim for relief against Defendant Ransom on the basis of (a) supervisory liability, (b) the alleged failure to train, and (c) the handling of Plaintiff's appeal; and (2) Plaintiff had failed to state a claim for relief against Defendant Kuren on the basis of (a) the conditions of his confinement and (b) the failure to protect him. (Id.) As a result, the Court dismissed Plaintiff's claims against Defendant Ransom and directed the Clerk of Court to terminate him as a defendant in this action. (Id.) The Court afforded Plaintiff an opportunity, however, to amend his Eighth Amendment claims against Defendant Kuren—namely, his conditions of confinement claim and his failure to protect claim. (Id.) The Court directed Plaintiff to file a second amended complaint within thirty (30 days). (Id.)

On March 3, 2022, Plaintiff filed his second amended complaint against Defendant Kuren, the only remaining defendant in this action. (Doc. No. 12.) Much like his original and amended complaints, Plaintiff alleges that, on September 21, 2020, while he was working in the mattress shop at SCI Dallas, he was assaulted by Inmate Heard with a pair of scissors, after the two of them had gotten into an argument. (Id. at 4.) Plaintiff alleges that this assault "went on for some time unnoticed[,]" and "with no emergency call for help[.]" (Id. at 5.) Plaintiff further alleges that, as a result of this assault, he suffered nineteen (19) stab wounds to his neck and back. (Id. at 6.)

In connection with these allegations, Plaintiff raises two claims under, allegedly, the Eighth Amendment—a "[n]egligence" claim and a "[f]ailure to protect" claim.  (Id.)  With respect to his negligence claim, Plaintiff alleges that: Defendant Kuren owed him a "legal duty . . . to use due care[;]" that Defendant Kuren was negligent in failing to "discharge his contracted duty[;]" and that, as a result, Plaintiff "was assaulted with damage."  (Id. at 7.)  In support, Plaintiff alleges that Defendant Kuren breached his duty by abandoning his post on the mattress side of the shop and going to the garment side, leaving the mattress side unsupervised, where inmates had access to various tools.  (Id.)  And, with respect to his failure to protect claim, Plaintiff alleges that, "[w]hile [the assault] was happening, all of the inmates in the shop ran to the front near the gate in a state of panic."  (Id.)  Plaintiff alleges that "[t]he supervisors were well aware that something serious was taking place and still did nothing."  (Id.)  And, specifically, Plaintiff alleges that Defendant Kuren "had plenty of time to react when he and the other supervisors saw inmates running past them."  (Id.)

As a result of this assault, and in connection with his claims, Plaintiff alleges that he still suffers from pain occasionally, that he will have scars for the rest of his life, and that he has paranoia of people being behind him.  (Id. at 6.)  As for relief, Plaintiff requests that the Court order compensation for his scars and for the physical problems that he will encounter "later on in life[,]" plus the loss of his employment and "all other causes because of the negligence."  (Id.)

Pursuant to the PLRA, the Court has once again performed its mandatory screening of Plaintiff's pleading.  For the reasons that are set forth below, the Court finds that Plaintiff's second amended complaint fails to state an Eighth Amendment claim upon which relief may be granted against Defendant Kuren.  The Court will, therefore, dismiss this claim without affording Plaintiff another opportunity to amend, as doing so would be futile.  The Court will also decline

to exercise its supplemental jurisdiction over Plaintiff's remaining state-law negligence claim. And, as a result, the Court will dismiss the second amended complaint and direct the Clerk of Court to close this case.

## II.   LEGAL STANDARD

Although Plaintiff paid the full filing fee in this matter (Doc. No. 5), the Court has the authority to screen his second amended complaint pursuant to 28 U.S.C. § 1915A.  See Shane v. Fauver, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding in forma pauperis).  Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  See 28 U.S.C. § 1915A(a).  If a complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss the complaint.  See 28 U.S.C. § 1915A(b)(1).

In dismissing claims under § 1915A, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).  To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff.  See Iqbal, 556 U.S. at 678; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action"

will not survive a motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed."  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

## III.   DISCUSSION

As discussed above, Plaintiff has brought this civil rights action pursuant to 42 U.S.C. §1983.  That statute "imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States."  See Shuman v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted).  It does not, however, "create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right."  See id. (citation omitted).  In order to state a claim under Section 1983, a plaintiff must allege a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law.  See Woloszyn v. County of Lawrence, 396 F.3d 314, 319 (3d Cir. 2005) (citation and internal quotation marks omitted).

Here, the second amended complaint, which has been filed pursuant to Section 1983, asserts a claim under the Eighth Amendment based upon Defendant Kuren's alleged failure to protect Plaintiff from harm.  (Doc. No. 12.)  The Eighth Amendment, in turn, prohibits the infliction of cruel and unusual punishment on prisoners, see Wharton v. Danberg, 854 F.3d 234, 241 (3d Cir. 2017)), and it includes both an objective and subjective component, see Wilson v.

7

Seiter, 501 U.S. 294, 298 (1991).  Under the objective component, the Court must consider "if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." See Hudson v. McMillian, 503 U.S. 1, 8 (1992) (quoting Wilson, 501 U.S. at 298).  And, under the subjective component, the individual or individuals that caused the deprivation must have acted with "a sufficiently culpable state of mind" (i.e., deliberate indifference).  See Wilson, 501 U.S. at 298; see also Farmer v. Brennan, 511 U.S. 825, 834 (1994) (stating that, under this subjective component, the requisite state of mind for failure to prevent harm "is one of deliberate indifference to inmate health or safety" (citation and internal citation marks omitted)).

Thus, under Plaintiff's Eighth Amendment failure to protect claim, he is required to allege, in part, that Defendant Kuren had a sufficiently culpable state of mind (i.e., that he was deliberately indifferent).  This is demonstrated when an inmate alleges that a prison official knew of and disregarded an excessive risk to the inmate's health or safety.  See e.g., Farmer, 511 U.S. at 834-35 (instructing that an alleged failure to protect from harm under the Eighth Amendment requires allegations that the defendant was deliberately indifferent to that risk of harm).

Here, however, the second amended complaint is completely devoid of facts from which the Court could draw a reasonable inference that Defendant Kuren acted with deliberate indifference to Plaintiff's health or safety.  In particular, the second amended complaint does not allege any facts which would demonstrate that Defendant Kuren was aware of a threat of harm to Plaintiff's health or safety (i.e., that Inmate Heard may assault or otherwise harm Plaintiff) or that Defendant Kuren consciously disregarded that threat of harm.  Instead, the second amended complaint alleges facts which suggest that Defendant Kuren was not present for the assault and that he had no knowledge that Plaintiff was, in fact, being assaulted by Inmate Heard.  See, e.g., (Doc. No. 12 at 4 (alleging that the attack "went on for some time unnoticed because of no

supervision") at 5 (alleging that "[t]his went on for some time unnoticed" and that "there should [have been] a supervisor, [Defendant Kuren,] at [that] time in the mattress area") at 7 (alleging that Defendant Kuren "left his post on the mattress side with no one there to supervise" and that he was "on the [g]arment side of the shop at the time of the assault")).

In addition, the second amended complaint does not allege any facts from which the reasonable inference could be drawn that, prior to September 21, 2020, Inmate Heard represented an existing or impending threat of harm to Plaintiff's health or safety, such that Defendant Kuren would have been aware of this threat of harm.  Instead, the second amended complaint suggests that Inmate Heard spontaneously attacked Plaintiff in the heat of the moment, after he and Plaintiff had gotten into an argument:

> I, [Plaintiff] was at work in the C.I. mattress shop at SCI Dallas, Luzerene Co. PA on Sept. 21, 2020.  An argument over closing the shop windows occurred, was settled, another inmate Steve Heard agitated the situation.  We got into it, "argued" I then returned to my work area.

> Mr [sic] Heard came at me unnoticed, had a pair of scissors, advanced at me, I pushed him away and he assaulted me.

> This went on for some time unnoticed because of no supervision.

(Doc. No. 12 at 4.)

Thus, while the Court recognizes that Plaintiff has alleged that "[t]he supervisors were well aware that something serious was taking place and still did nothing" (id. at 7), the Court finds that Plaintiff has not supported this conclusory allegation with any well-pleaded facts. Indeed, the only fact that the Court could liberally construe as being offered in support of this allegation is that Defendant Kuren "had plenty of time to react when he and the other supervisors saw inmates running past them."  (Id.)  But, this fact, even when accepted as true, does not raise a reasonable inference that Defendant Kuren knew of a threat of harm to Plaintiff or that he

consciously disregarded that threat of harm; rather, it suggests that Defendant Kuren was not present for, and would not have known about, the assault until after Inmate Heard had already begun attacking Plaintiff with scissors.

While the Court is not unsympathetic to what Plaintiff alleges occurred at SCI Dallas on September 21, 2020, the legal issue that is presently before the Court is an exacting one: whether Plaintiff has plausibly asserted an Eighth Amendment claim against Defendant Kuren on the basis of an alleged failure to protect Plaintiff. The Court, having carefully reviewed the second amended complaint, cannot find that Plaintiff has alleged the requisite deliberate indifference on the part of Defendant Kuren. As a result, the Court finds that Plaintiff's Eighth Amendment failure to protect claim necessarily fails. The Court will, therefore, dismiss this claim from the second amended complaint. See Farmer, 511 U.S. at 834 (explaining that "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety").

The issue thus becomes whether Plaintiff should be granted leave, once more, to amend his Eighth Amendment failure to protect claim. Under the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Foman v. Davis, 371 U.S. 178, 181-82 (1962) (explaining that the Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits"). The Court may, however, deny a motion to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." See id. at 182.

As discussed above, the Court, by way of Memorandum and Order entered on February 3, 2022, granted Plaintiff leave to amend his Eighth Amendment claims against Defendant Kuren—namely, his conditions of confinement and failure to protect claims. (Doc. Nos. 10, 11.) In its Memorandum, the Court set forth the legal standards governing these claims. (Doc. No. 10 at 9-10 (addressing a conditions of confinement claim), at 10-11 (addressing a failure to protect claim).) Both of those standards discussed how an inmate-plaintiff must allege that the prison official acted with deliberate indifference to the plaintiff's health or safety in order to state a plausible failure to protect claim or conditions of confinement claim. (Id. at 8-11.) In addition, the Court specifically explained that Plaintiff's Eighth Amendment claims failed because the amended complaint did not allege deliberate indifference on the part of Defendant Kuren—i.e., that he knew of a threat of harm to Plaintiff's health or safety and that he consciously disregarded that threat of harm. (Id. at 9-11).

Thus, the Court observes that Plaintiff was previously provided with the pleading standards to state his conditions of confinement and failure to protect claims under the Eighth Amendment and that he was also given the opportunity to plausibly reassert these claims in the second amended complaint. As discussed at length above, however, Plaintiff was ultimately unable to do so. Consequently, the Court finds that granting him any further leave to amend on his Eighth Amendment failure to protect claim would be futile.

Because, however, Plaintiff's federal claim will be dismissed without further leave to amend, his only remaining claim is what the Court construes as a state-law claim for negligence. (Doc. No. 12 at 7 (alleging that Defendant Kuren was negligent because he had "a legal duty . . .

to use due care," he "breach[ed]" this duty by being on the garment side of the shop at the time

of the assault, and that, as a result of this "breach of duty," Plaintiff suffered "damage").)  A

federal district court may, however, "decline to exercise supplemental jurisdiction [over a state-

law claim] if . . . the district court has dismissed all claims over which it has original

jurisdiction[.]"  See 28 U.S.C. § 1367(c)(3).  When deciding whether to exercise such

supplemental jurisdiction, a federal district court "'should consider and weigh in each case, and

at every stage of the litigation, the values of judicial economy, convenience, fairness, and

comity.'"  See City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997) (quoting

Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).  In addition, the United States

Court of Appeals for the Third Circuit has held that "'where the claim over which the district

court has original jurisdiction is dismissed before trial, the district court *must* decline to decide

the pendent state claims unless considerations of judicial economy, convenience, and fairness to

the parties provide an affirmative justification for doing so."  See Hedges v. Musco, 204 F.3d

109, 123 (3d Cir. 2000) (emphasis in original) (quoting Borough of West Miflin v. Lancaster, 45

F.3d 780, 788 (3d Cir. 1995)).

Here, the Court has considered and weighed the values of judicial economy, convenience,

and fairness, and the Court finds that they do not provide an affirmative justification for

exercising supplemental jurisdiction over Plaintiff's state-law claim.  Accordingly, the Court will

decline to exercise supplemental jurisdiction over Plaintiff's state-law claim for negligence.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Plaintiff's Eighth Amendment failure to

protect claim from the second amended complaint (Doc. No. 12) for failure to state a claim upon

which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).  The Court will deny Plaintiff

any further leave to amend this claim, as doing so would be futile.  In addition, the Court will decline to exercise its supplemental jurisdiction over Plaintiff's only remaining claim for state-law negligence.  As a result, the Court will dismiss the second amended complaint and direct the Clerk of Court to close this case.  An appropriate Order follows.